**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 3, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CARLOS BERNANDINO-MEJIA,

      Defendant-Appellant.

No. 06-3351

(D.C. No. 05-CR-40153-01-RDR)

(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Carlos Bernandino-Mejia pled guilty to one count of illegal reentry by an

aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2), and was sentenced to

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

seventy-seven months of imprisonment. Bernandino-Mejia challenges this sentence, arguing the district court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a). He contends further that the sentence imposed by the district court was unreasonably long. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

Bernandino-Mejia pled guilty to one count of illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The United States Probation Office prepared a presentence report (PSR) which determined Bernandino-Mejia's total offense level was 21, and his criminal history category was VI, yielding an advisory Guidelines sentencing range of seventy-seven to ninety-six months. Prior to sentencing, Bernandino-Mejia did not object to these calculations, but did assert that a sentence below the advisory Guidelines was appropriate because he only returned to the United States to be with his wife and children and because his eventual deportation would also require his family to relocate to Mexico. The PSR concluded "this defendant's personal characteristics do not appear to be significantly different than others who are charged and convicted of the same offense" and did not recommend a downward variance. Appx., Vol. 2, p. 15.

At sentencing, Bernandino-Mejia reiterated the aforementioned arguments, and argued further that an INS detainer would prohibit him from participating in certain prison programs and that his custody level would be adjusted accordingly. The district court rejected Bernandino-Mejia's arguments for a downward variance, stating "[t]he

Court, I think, has to agree with the probation office in this case." Appx., Vol. 3, p. 5.

The district court explained further:

> Although the Court is sympathetic to the defendant's situation we are not persuaded that a downward variance is appropriate here. The Court believes that a sentence within the guideline range is proper and will meet the sentencing . . . objectives of deterrence and punishment, rehabilitation and protection of the public.

Id. at 5-6. The district court also adopted the PSR and sentenced Bernandino-Mejia to seventy-seven months of imprisonment, stating that a seventy-seven month sentence is "amply sufficient, but not greater than necessary to meet the sentencing objectives, to [sic] adequate deterrence for criminal conduct, to promote the defendant's respect for the law . . . [a]nd to provide a just punishment." Id. at 6-7.

Bernandino-Mejia filed a timely notice of appeal and now challenges his seventy-seven month sentence, arguing it is both procedurally and substantively unreasonable. More specifically, Bernandino-Mejia argues that the district court erred by not properly considering the factors set forth in 18 U.S.C. § 3553(a) and because the sentence imposed was too long.

**II**.

We review sentences imposed post-Booker for reasonableness. United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir. 2006). Reasonableness has both procedural and substantive components which encompass, respectively, the method by which the sentence was calculated and the length of the sentence. See id. at 1055. Here, Bernandino-Mejia argues that his low-end Guidelines sentence is both procedurally and

substantively unreasonable.

## A. Procedural Reasonableness

To assess the procedural reasonableness of a defendant's sentence, we examine whether the district court appreciated the advisory nature of the Guidelines, correctly calculated the applicable Guidelines range, and considered the § 3553(a) factors when crafting the sentence. See United States v. Sanchez-Juarez, 446 F.3d 1109, 1114-15 (10th Cir. 2006). We also require the district court to explain its reasons for imposing a particular sentence. Id. at 1116 ("[T]he court's failure to give reasons for its decision would leave us in a zone of speculation on appellate review.") (internal quotation marks omitted). In particular, when a defendant makes "a nonfrivolous argument for leniency," the district court "must somehow indicate that [it] did not rest on the guidelines alone, but considered whether the guideline sentence actually conforms, in the circumstances, to the statutory factors." United States v. Jarrillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007) (internal quotation marks, citations omitted).

Bernandino-Mejia does not contend the district court was unaware of its post-Booker ability to vary from the Guidelines or that it miscalculated the advisory Guidelines range. Instead, he claims the district court failed to properly consider the § 3553(a) factors and adequately explain his sentence, especially in light of a non-frivolous argument for leniency.

We disagree, and first note that Bernandino-Mejia did not object to the district court's explanation of his sentence. Consequently, we may vacate his sentence for

-4-

procedural unreasonableness only in the presence of plain error.  United States v. Lopez-Flores, 444 F.3d 1218, 1221 (10th Cir. 2006).  "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Ruiz-Terrazas, 477 F.3d 1196, 1199 (10th Cir. 2007).

We need not advance beyond the first prong of the plain error analysis.  As we recently made clear, a district court sufficiently explains its imposition of a within-the-Guidelines sentence by entertaining the defendant's arguments for a below-Guidelines sentence, indicating on the record that it considered the § 3553(a) factors, and "provid[ing] only a general statement of the reasons for its imposition of the . . . sentence."  Id. (internal quotation marks omitted).  The district court need not explicitly reference each of the § 3553(a) factors or respond to "every argument for leniency that it rejects in arriving at a reasonable sentence."  Jarrillo-Luna, 478 F.3d at 1229.  This is particularly true where the district court imposes a sentence at the bottom of the advisory Guidelines range.  See Sanchez-Juarez, 446 F.3d at 1115 (noting that a district court's "decision to impose a sentence at the low end of the Guidelines range may fairly be read as a functional rejection of [the defendant's] arguments and a denial of his request for a below-Guidelines sentence").

For the following reasons, we conclude that the district court adequately considered the § 3553(a) factors, did so in light of Bernandino-Mejia's request for a downward variance, and also adequately explained its reasons for imposing the sentence

in question.  First, the record reflects that the district court adopted the PSR, which it found to be accurate, and considered all the maters contained therein, which, along with Bernandino-Mejia's request for a variance, included an analysis of the nature and circumstances of the offense, his criminal history, his personal and family data, as well as his statement that he returned to the United States to be with his family.  See 18 U.S.C. § 3553(a)(1).

Second, at his sentencing hearing, Bernandino-Mejia again requested a downward variance explaining he had come to the United States to be with his family and because his family would likely be required to relocate to Mexico upon his deportation, thereby causing them economic hardship.  He also cited the "detrimental affect [sic] that the INS detainer [would] have on his incarceration," because it would make him ineligible for certain programs offered by the Bureau of Prisons and impact his custody level.  Appx., Vol. III, p. 4.  The district court specifically noted the basis for Bernandino-Mejia's request for a downward variance was because he returned to the United States to be with his wife and children.  Id. at 5.  In rejecting Bernandino-Mejia's request, the district court stated that "[a]lthough the court is sympathetic to the defendant's situation we are not persuaded that a downward variance is appropriate here.  The Court believes that a sentence within the guideline range is proper and will meet the sentencing . . . objectives of deterrence and punishment, rehabilitation and protection of the public."  Id. at 5-6.  Thus, even though the district court did not explicitly reference § 3553(a)(2), it clearly considered the sentencing factors referenced in § 3553(a)(2)(A-D) and adequately

discharged its duty to explain the sentence imposed under § 3553(c). This conclusion is especially sound in light of our prior holding that a district court's imposition of a sentence at the low end of the Guidelines range is construed as a functional rejection of a defendant's request for a variance. See Sanchez-Juarez, 446 F.3d at 1115.

In sum, because the district court considered the § 3553(a) factors, considered these factors in light of Bernandino-Mejia's request for a downward variance, and adequately explained its rationale for imposing a seventy-seven month sentence, Bernandino-Mejia's claim of procedural unreasonableness lacks merit. Thus, the district court committed no error.

## B. Substantive Reasonableness

Bernandino-Mejia also argues that his seventy-seven month sentence was unreasonably long and relies on the same reasons he used in support of his procedural claims. To assess substantive reasonableness, we consider whether the sentence imposed by the district court is unreasonable in light of the § 3553(a) factors. Kristl, 437 F.3d at 1054-55. Because Bernandino-Mejia's sentence falls within the properly calculated advisory Guidelines range, it is entitled to a rebuttable presumption of reasonableness. See id. at 1055; see also United States v. Rita, __ S. Ct. __, 2007 WL 1772146 (June 21, 2007) (concluding that an appellate court may apply a presumption of reasonableness to a within-the-guidelines sentence). Bernandino-Mejia has failed to successfully rebut this presumption, and, in any event, we conclude that even absent this presumption of reasonableness, Bernandino-Mejia's sentence is substantively reasonable.

The reentry of an alien previously convicted of a felony is a serious offense for which Congress has imposed a maximum sentence of twenty years. See 8 U.S.C. § 1326(b)(2). Moreover, Bernandino-Mejia's criminal history, as detailed in the PSR, illustrates a long history of criminal acts accounting for 17 criminal history points and a criminal history category of VI. A review of his history indicates that from 1987 to 1992, Bernandino-Mejia was convicted at least six times for drug offenses, and was incarcerated on numerous occasions for those offenses as well as others. Bernandino-Mejia was also convicted of an offense involving violence.

Bernandino-Mejia cites United States v. Pacheco-Soto, 386 F. Supp. 2d 1198, 1205-06 (D.N.M. 2005), to argue that the collateral consequences of adverse prison conditions and deportation may justify a shorter prison term. However, the question we are asked to answer on appeal is not whether Bernandino-Mejia could have been sentenced to a lower prison term, but whether the sentence imposed is reasonable. See Jarrillo-Luna, 478 F.3d at 1230 ("To affirm, we must simply be satisfied that the chosen sentence, standing alone, is reasonable."). Considering the seriousness of the underlying offense as well as Bernandino-Mejia's criminal history, we conclude a bottom-of-the-Guidelines sentence provides just punishment, promotes respect for the law, affords adequate deterrence, and protects the public from future harm. See 18 U.S.C. § 3553(a). Further, we note that Pacheco-Soto is clearly distinguishable from the case at hand. See Pacheco-Soto, 386 F. Supp. 2d at 1205-06 ("In considering [a downward variance], the Court distinguishes Defendant's case from that of other defendants who are

sentenced for an offense, such as illegal reentry, that by its nature is committed only by deportable aliens."). Accordingly, we conclude that Bernandino-Mejia's sentence is substantively reasonable.

### III. Conclusion

We AFFIRM the sentence imposed by the district court.

Entered for the Court

Mary Beck Briscoe
Circuit Judge