FILED
United States Court of Appeals
Tenth Circuit

December 27, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED  STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

PABLO  PENA-PERETE,

     Defendant-Appellant.

No. 06-2065
(D. New Mexico)
(D.C. No. CR 05-2140 MCA)

ORDER AND JUDGMENT[*]

Before **BRISCOE,** Circuit Judge, **McWILLIAMS,** Senior Circuit Judge, and **GORSUCH,** Circuit Judge.

Pursuant to a plea agreement, Pablo Pena-Perete (the defendant) on October 20, 2005, in the United States District Court for the District of New Mexico, pled guilty to an information charging him, "an alien," with having been found in the State of New Mexico after he had been previously deported from the United States because of a conviction of an aggravated felony as defined in 8 U.S.C. § 1101(a) 43 (A), "that being the Rape of a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Child," in violation of 8 U.S.C. §§ 1326 (a)(1) and (2) and 8 U.S.C. § 1326 (b)(2).[1]  At that time, the defendant was represented by appointed counsel.  The Pre-Sentence Report (PSR) set defendant's base offense level at 8, and then increased his base offense level by 16 levels because of his prior conviction in January 2004 for an aggravated felony, a crime of violence, in a Washington State Court, for Rape of a Child.  U.S.S.G. § 2L1.2.[2]  Defendant was then given a 3-level reduction of his adjusted offense level of 24, i.e., to level 21, for acceptance of responsibility.  With defendant's criminal history category of III, the resulting guideline range was imprisonment for 46 to 57 months.  The PSR did not indicate any grounds for a downward departure, nor did counsel ask the district court to consider a downward departure from the PSR guideline range.

At sentencing, defendant's counsel made no objection to the PSR, stating, *inter alia,* that it "is absolutely factually correct," and asked that the defendant be sentenced "at the low end of the guidelines."  In accord with that request, the district court on February 23, 2006, sentenced defendant to imprisonment for 46 months.  Before imposing its sentence of 46 months, the district court spoke as follows: "I do adopt then the pre-sentence report factual findings and note that I do consult and have consulted the advisory sentencing guidelines together with reviewing and considering the sentencing factors under Title 18,

---

[1]  8 U.S.C. § 1101(a) 43(A) reads, *inter alia,* as follows: "The term 'aggravated felony' means murder, rape or sexual abuse of a minor."

[2] On that conviction, defendant was sentenced to imprisonment for 12 months and one day and 48 months community supervision.  On April 8, 2004, that judgment and sentence was amended to reflect 36 to 38 months community supervision.  On July 13, 2004, he was deported to Mexico.

Section 3553, Part A, in determining the reasonableness of the sentence that I propose here in this case."

Defendant filed a timely pro se notice of appeal, stating therein that "I now have documentation to show Proof for Consideration under 5H1.6. (Family Ties and Responsibilities). Thank you." Later, a notice of appeal was also filed by defendant's appointed counsel.

In this Court, defendant's appointed counsel filed an *Anders* brief. *Anders v. California*, 367 U.S. 738 (1967). This court later determined that the *Anders* brief was procedurally deficient and on December 20, 2006, entered an order directing counsel to show cause why he should not be removed from the case. On January 19, 2007, this Court removed defendant's counsel from the appeal, struck the *Anders* brief previously filed, appointed new counsel to represent the defendant, and set a briefing schedule.

Present counsel, in his brief, frames the one issue in this appeal as follows: "Did the district court commit plain error and impose an unreasonable sentence under *United States v. Booker?*" 125 S.Ct. 738 (2005). Thus, in this Court, the defendant's position is that his sentence of 46 months imprisonment was "unreasonable" under 18 U.S.C. § 3553(a) and that, though that issue had not been raised in the district court, the district court had committed "plain error" in sentencing the defendant to 46 months imprisonment. He asks that we reverse the sentence and remand for resentencing. The position of the United States is that the district court did not commit "error," let alone "plain error," in sentencing defendant to imprisonment for 46 months, the low end of the guideline range, which had

3

been requested by his counsel.  We affirm.

The PSR, which was not objected to by defendant's counsel and was adopted by the district court, set defendant's base offense level at 8.  Then, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), the PSR raised defendant's offense level by 16 levels, i.e. to 24 levels.  That guideline provides as follows:

> "(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) <u>a crime of violence;</u> (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by **16** levels." (emphasis ours)

As heretofore stated, the conviction which resulted in the defendant being deported from the United States to Mexico was his conviction in a Washington State Court for Rape of a Child.  As to just what constitutes a "crime of violence," U.S.S.G. § 2L1.2, Application Note 1 (B)(iii) provides as follows:

> "Crime of violence" means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, <u>statutory rape, sexual abuse of a minor,</u> robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another.  (emphasis added)

It would thus appear that under the guidelines there was no error in raising defendant's base offense level of 8 by 16 levels based on his Washington state conviction for Rape of a Child.  Counsel agrees that this particular matter is resolved by *United States v. Hernandez-Castillo,* 449 F.3d 1127, 1131 (10th Cir. 2006), where we held that statutory

4

rape was a "crime of violence". However, in this regard counsel apparently suggests that the guidelines themselves are "unreasonable" in that they raise defendant's offense level by 16 levels, which is the same increase that would be given one whose prior conviction causing a deportation, by way of example, was for <u>murder</u>. We recognized that concern in *Hernandez-Castillo, supra,* but because the "reasonableness" of the sentence in that case was not raised in the district court, nor in the appeal, we, in that case, affirmed the sentence imposed by the district court.

In the instant case, in the district court, the issue of "reasonableness" was not raised. However, unlike *Hernandez-Castillo*, the issue is raised in the instant case on appeal. Not having been raised in the district court, there remains the question of whether it was "plain error" on the part of the district court in not at least considering, and hopefully, imposing a sentence less than the low end of the guideline range, which was imprisonment for 46 months.

At sentencing, defendant did not object to the procedure by which his sentence was determined. Rather his counsel stated that the PSR "is absolutely factually correct" and asked that defendant's sentence be at the "low end of the guideline." The district court then sentenced defendant to the "lowest end" of the guideline range, i.e., 46 months imprisonment. In such circumstance, the "reasonableness" of his 46-month sentence cannot be raised on appeal absent "plain error" by the district court. Plain error occurs when there is "error," which is "plain" error. But even if we find "plain error," before we will consider the issue we must also find that the "plain error" also "affects the defendant's

5

substantial rights" and "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Lopez v. Flores,* 444 F.3d 1218, 1222 (10th Cir. 2006.)

In support of his claim that the sentence of 46 months imprisonment was "unreasonable" under 18 U.S.C. § 3553(a), and that the district court erred in not, *sua sponte*, so to speak, sentencing the defendant to imprisonment to less than the 46-month sentence, which was the minimum guideline sentence, counsel argues that the "family problems" of the defendant should have been considered. Counsel points out that the defendant is supporting his needy father in Mexico who has health problems, as well as supporting his sister, and that his "partner" and their new-born child in Mexico are also looking to him for support. We are not pursuaded.

In this general regard, a sentence within the guideline range is "presumptively reasonable." *Rita v. United States*, 551 U.S. —, 127 S.Ct. 2456 (2007). However, "the defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Without belaboring the matter, the present record, in our view, does not "rebut" the presumption that under the facts in this case, a sentence within the guideline range is "presumptively reasonable." Such being the case, there was no

"plain error" on the part of the district court in sentencing to the lowest end of the guideline range.

Judgment affirmed.

Entered for the Court

Robert H. McWilliams,
Senior Circuit Judge