**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LORENZO CONTRERAS-MIRELES,

Defendant-Appellant.

No. 08-2092
(District of New Mexico)
(D.C. No. CR-07-2522-JAP)

---

**ORDER AND JUDGMENT**[*]

---

Before **McWILLIAMS**, Senior Circuit Judge, **ANDERSON**, Senior Circuit Judge, and **BALDOCK**, Senior Circuit Judge.

---

On or about October 2, 2005, Lorenzo Contreras-Mireles (the defendant) pled guilty in a New Mexico state court to armed robbery and aggravated battery with a deadly weapon, and was sentenced to imprisonment for a total of twelve years, with eleven years being suspended. After serving one year's imprisonment, he was released to United States Immigration Authorities and deported to Mexico on November 8, 2006. On June

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

28, 2007, the defendant was arrested in El Paso, Texas, and later turned over to New Mexico authorities. In New Mexico, defendant was found to have violated the terms of his prior sentencing for armed robbery and he was placed in a local detention center. On or about July 13, 2007, Federal Authorities encountered the defendant when conducting a "sweep of the jail population in the detention center."

It was in this general setting that on December 14, 2007, the defendant was charged in a one-count information filed in the United States District Court for the District of New Mexico with returning to New Mexico after he had been deported from the United States because of his conviction for robbery and assault in a New Mexico state court, in violation of 8 U.S.C. §§ 1326(a) and (b). The defendant, represented by appointed counsel, pled guilty to the federal charge of unlawful re-entry and was sentenced to imprisonment for 42 months. The defendant filed a timely notice of appeal and we appointed trial counsel to represent the defendant in this Court. On appeal defendant argues that his sentence of 42 months was, "procedurally and substantively unreasonable" and asks that his sentence be vacated and the case remanded to the District Court for re-sentencing.

As indicated, the defendant pled guilty to an information that charged him with re-entering the United States after he had been removed therefrom, in violation of 8 U.S.C. §§ 1326(a) and (b). There was no plea agreement. The Pre-Sentence Report set his base offense level at eight levels pursuant to U.S.S.G. § 2L1.2(a). That level was raised by sixteen levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) because he had been convicted of a

felony crime of violence in a state court of New Mexico and was then deported from the United States. He then received a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. His total offense level was twenty-one, which when coupled with his criminal history category III, resulted in an advisory guideline range of 46 to 57 months imprisonment. The defendant did not object to the calculation of his advisory guideline sentencing range, but he did request that the District Court sentence him below the guideline range based on the following: (1) he self-surrendered after he had committed the armed robbery in the State of New Mexico which eventually resulted in his deportation from the United States; (2) his criminal history category was "more like" a Category II than III; and (3) he should receive credit for the time he was in state custody after he was arrested in the United States on re-entry and before he was turned over to federal authorities. The District Court agreed that he should receive credit for the time he was in state custody until he was turned over to federal authorities, but rejected the other grounds advanced by the defendant for a variance from the guideline range. In rejecting the suggestion that the defendant's criminal history category was "more like II than III", the District Court opined that the offense, which precipitated his deportation, was based "on the violent and extremely serious nature of the crime committed not long ago." It was in this setting that the District Court sentenced defendant to imprisonment for 42 months.

Prior to actual sentencing, in response to the District Court's statement as to its proposed sentence, counsel for the Government and the defendant both stated that they

had "no comment" and each indicated that there was "no reason why sentence should not be imposed." It was in that general setting that the District Court sentenced defendant to 42 months imprisonment.

On appeal, present counsel, who, as said, also represented the defendant in the District Court, frames the two issues he has raised in his brief, as follows:

> 1. Is it procedurally reasonable for a district court to impose sentence with no explanation of its decision-making, other than to generically state that "I have reviewed the Pre-Sentence Report factual findings [...] I have considered the sentencing guideline applications and the factors under 18 United States Code Section 3553(a)"?

> 2. Is it substantively reasonable for an individual with a single prior arrest and conviction to be imprisoned for three and one-half years (42 months) for simply returning to the United States without permission, when the facts and circumstances of the prior conviction demonstrate a voluntary surrender to the authorities (before being considered a suspect) and a timely guilty plea to that charge, thereby saving the State significant judicial and prosecutorial resources?

In this Court, the defendant first argues that the District Court failed to sufficiently "explain" why it was imposing a sentence of 42 months imprisonment therefore the sentence was procedurally unreasonable. We disagree. Counsel agrees that no objection to the sentence was raised in the District Court, and that accordingly he must establish "plain error" if he is to prevail in this Court. *United States v. Romero*, 491 F.3d 1173, 1177 (10th Cir. 2007). The court did "explain" and went below the guideline range of 46 to 57 months imprisonment and imposed a sentence of 42 months.

The starting point in our discussion is that defendant makes no objection to the calculation of his guideline range, which was imprisonment for 46 to 57 months. The

District Court, after hearing, did not depart <u>upward</u> from that range, nor did it sentence him <u>within</u> the guideline range. Rather, it granted defendant's request for a downward variance or departure, and sentenced defendant to 42 months imprisonment. Defendant's position on appeal is that a reasonable sentence would have been <u>below</u> 42 months, and that the District Court did not "adequately" explain why it did not impose a sentence <u>below</u> 42 months. We disagree.

The attached addendum indicates that the District Court "adequately explained the chosen sentence to allow for meaningful appellate review." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The district court did hear the reasons given by the defendant for a variance, granted the variance for time spent in a state custody, but refused to grant the variance on the other two grounds. On the present record we conclude that the District Court's "explanation" of the sentence it ultimately imposed was "procedurally reasonable" and most certainly does not amount to plain error. On the question of procedural reasonableness, the present case is "on all fours" with *United States v. Romero*, 491 F.3d 1175 (10th Cir. 2007).

Defendant next argues that his sentence was greater than necessary to advance the purposes of 18 U.S.C. §3553(a)(2) and therefore was "substantively unreasonable." We disagree. The sentence imposed by the district court, which was below the guideline range, is presumptively reasonable and defendant failed to demonstrate it was unreasonable in light of the §3553(a) factors. Defendant's counsel would make much of the fact that the defendant voluntarily "surrendered" after committing the armed robbery

which formed the basis for his deportation to Mexico in 2006. In a sense he was given "credit" for surrendering when the state court of New Mexico suspended 11 years of the 12-year sentence it imposed in that case. In that particular connection we note that the District Court in sentencing the defendant in the instant case noted the gravity of the crime he had committed, stating that it was "based on the violent and extremely serious nature of the offense that was committed not long ago." The victim in the prior case was almost killed. Defendant also claims that this crime was without victims because he merely crossed the border to be with his fiancé and son. This Court has repeatedly held this is not sufficient to rebut the presumption of reasonableness. *See, United States v. Martinez-Barragan,* ___F.3d___ (10th Cir. 2008), 2008 WL 4632806 (Oct. 21, 2008); *United States v. Bernandino-Meijia,* 238 Fed. Appx 373, 376 (10th Cir. 2007)*; United States v. Pena-Perete,* 260 Fed. Appx. 22, 25 (10th Cir. 2007) The district court did not abuse its discretion in refusing to grant a further variance based on the foregoing.

Judgment affirmed.

Entered for the Court


Robert H. McWilliams,
Senior Circuit Judge

Excerpts from the transcript of the sentencing hearing read as follows:

THE COURT: Is there any need for an evidentiary hearing on disputed facts?

MR. ROBBENHAAR: No, sir.

THE COURT: I adopt, then, as factual findings of the court all of the factual statements in Mr. Contreras' Presentence Report. In addition to reading the Presentence Report, I have read the defendant's objections, the United States' response, the addendum to the Presentence Report and a memorandum from probation dated April 3, 2008.

Are there any other written materials that I should take into account?

MR. ROBBENHAAR: Nothing further, Your Honor.

THE COURT: Based on the information provided by Mr. Contreras at the time of his change of plea hearing, and the information in his Presentence Report, it is my finding that the defendant, Lorenzo Contreras-Mireles, knowingly, voluntarily and intelligently entered a plea of guilty to the charge in information Number 2007-2522. At this time, I will accept his plea of guilty.

The offense level is 21, the criminal history category is III, and the guideline imprisonment range is 46 to 57 months as shown by the Presentence Report before considering the defendant's motion. Do you agree with that?

MR. BRAUN: Yes, sir.

MR. ROBBENHAAR: Yes, Your Honor.

THE COURT: Okay. I have looked at the issue of overrepresentation of the defendant's criminal history category, my reading of the single offense resulting in four criminal history points, but I think that this was correctly analyzed by probation, that Category III is the correct criminal history category for this defendant based on the violent and extremely serious nature of the offense that was committed not long ago. Actually, just three years ago. So I think that Category III is the appropriate

criminal history category.

On the other hand, probation recommends, and I understand the government does not object, that the defendant be given credit for what appears to be excessive time held in state custody after the United States was aware that the defendant was here and in custody.

Is that the government's agreement?

MR. BRAUN: The government does not oppose a sentencing reduction under Booker to take that into account.

THE COURT: Based on that, I do intend to impose a sentence outside the guideline range under 18 United Sates Code Section 3553(a) primarily for the purpose of adjusting for the time, or excessive time, that the defendant has been in state custody. My proposed sentence under 3553(a) would be 42 months imprisonment instead of the bottom of the guideline range of 46 months.

***

THE COURT: This is a proposed sentence on which you may comment. I have reviewed the Presentence Report factual findings. I have considered the sentencing guideline applications and the factors under 18 United States Code Section 3553(a).

Sentence will be imposed under 18 United States Code Section 3553(a) independent of the United States Sentencing Guidelines.

With respect to 18 United States Code Section 3553(a), I find that the defendant committed a very serious offense prior to being deported. On the other hand, this was the only offense shown on the defendant's criminal history before his return to the United States without permission.

There is information that the defendant spent excessive time in state custody prior to being deported, and it is appropriate to reduce his sentence below the United States sentencing guideline range to credit him for that excessive time.

It is the judgment of the court as to Information 2007-2522 that the defendant, Lorenzo Contreras-Mireles, is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 42 months.

***

Mr Braun, do you have any comments on that proposed sentence?

MR. BRAUN: No, Your Honor.

THE COURT: Mr . Robbenhaar, do you?

MR. ROBBENHAAR: No, Your Honor.

THE COURT: Is there any reason why the sentence as I pronounced it should not be imposed at this time?

MR. BRAUN: No, Your Honor.

MR. ROBBENHAAR: No, Your Honor.