FILED
United States Court of Appeals
Tenth Circuit

December 11, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENST CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAUL GARCIA MACIAS,

Defendant-Appellant.

No. 08-4021
(D.C. No. 2:06-CR-111-DAK)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Defendant-Appellant Saul Garcia Macias pled guilty to (1) violating 21

U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance, (2)

violating 18 U.S.C. § 1546(1), possession of a false immigration document, and

(3) violating 18 U.S.C. § 1028A, aggravated identity theft. Macias now appeals,

raising issues with respect to his sentence as well as the district court's denial of

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his motion to suppress. Macias's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and moved for leave to withdraw; Macias submitted a supplemental brief in response to the <u>Anders</u> brief which argued ineffective assistance of trial counsel and requested appointment of new counsel. Having throughly reviewed the record and considered each brief, we grant counsel's motion to withdraw, deny Macais's request for appointment of new counsel, and affirm.

## I. BACKGROUND

As stipulated in Macias's plea agreement, the conduct giving rise to his indictment occurred on February 2, 2006. On that date, Macias and his co-defendant Jacqueline Fodness were driving his truck, with approximately six pounds of methamphetamine hidden within a secret compartment in the vehicle, from Los Angeles to Sioux Falls, South Dakota. At the time of Macias's arrest, in Utah en route, Macias was found in possession of the methamphetamine as well as a green card which had previously been issued to another individual.

Macias moved to suppress all of the evidence that the government had obtained against him from the search of his truck. The motion was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B), who subsequently held an evidentiary hearing on the motion. The magistrate issued a report and recommendation on November 13, 2006, which recommended that Macias's

motion be denied. Macias did not object to the report and recommendation, which the district court adopted on December 19, 2006.

Thereafter, Macias pled guilty to all three counts in the indictment: (1) violating 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance, (2) violating 18 U.S.C. § 1546(1), possession of a false immigration document, and (3) violating 18 U.S.C. § 1028A, aggravated identity theft. Under the terms of the plea, Macias specifically reserved the right to appeal the denial of the motion to suppress.

Having accepted Macias's guilty plea, a Presentence Report was prepared, which determined Macias's total offense level was 35, and his criminal history category to be II. Macias's total offense level coupled with his criminal history category resulted in a guideline sentence range of 188 to 235 month's imprisonment. U.S.S.G. (2006). Macias filed a motion requesting the district court to grant a downward departure to the minimum mandatory sentence for his crimes, 144 months. The district court sentenced Macias to 166 months' imprisonment, 22 months below the guideline range. In so doing, the court stated:

> This is an interesting case. It's very rare that somebody just pleads straight up to all the counts, but he did what he did.
> I'm going to sentence him to 166 months. . . . The 166 months is a long time. I think it is correct there is some disparity under 3553 with this defendant and [his co-defendant] Ms. Fodness [who received a sentence of 120 months].

Macias now timely appeals.

## II. DISCUSSION

In Anders, the Supreme Court held that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. This court "must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If [we] conclude [ ] after such an examination that the appeal is frivolous, [we] may grant counsel's motion to withdraw and may dismiss the appeal." United States v. Calderon, 428 F.3d 928, 930 (10th Cir.2005).

Counsel's brief appears to identify two potential issues for appeal: (1) the district court's denial of Macias's motion to suppress, and (2) the reasonableness of Macias's sentence. In addition to counsel's brief, Nelson has filed a supplemental brief asserting ineffective assistance of counsel. Each of these matters will be considered in turn.

### A. Motion to Suppress

Macias's counsel asserts that there is no non-frivolous ground on which Macias may challenge the district court's denial of his motion to suppress.

Having engaged in a full examination of the record, as required by Anders, we agree.

Macias filed a motion to suppress, arguing that the stop and subsequent search of his vehicle violated the Fourth Amendment. Macias's motion was referred to a magistrate judge, and the magistrate recommended denying the motion in a report and recommendation. Macias did not object to the report and recommendation, and the district court adopted the magistrate's report. We agree with Macias's counsel that Macias's failure to object to the magistrate's judge's report and recommendation is fatal to this claim.

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005). There are two exceptions to the waiver rule: "when (1) a pro se litigant has not been informed of the time period for objecting and consequences of failing to object, or when (2) the 'interests of justice' require review." Id. The first exception does not apply, because Macias was represented by counsel before the district court and the magistrate's report warned that a "[f]ailure to file objections to factual and legal findings may constitute a waiver of those objections on subsequent appellate review." The second exception also does not apply. In Morales-Fernandez we held that "[i]n many respects, the interests of justice analysis we have developed, which

- 5 -

expressly includes review of a litigant's unobjected-to substantive claims on the merits, is similar to reviewing for plain error," 418 F.3d at 1120, and that "[a]t a minimum ... our 'interest of justice' standard for determining whether we should excuse a defendant's failure to object to a magistrate judge's recommendation includes plain error," id. at 1122. When there are no mitigating factors regarding a litigant's failure to object, the "interest of justice" test requires only analysis for plain error. See Zumwalt v. Astrue, 220 Fed. App'x. 770, 778 (10th Cir. Mar. 22, 2007) (unpublished).  Here, there are no mitigating factors regarding Macias's failure to comply with the requirement to object to the magistrate's recommendation and report and, therefore, our only concern is plain error.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Morales-Fernandez, 418 F.3d at 1122-23 (internal quotation marks omitted). "[A]n error is 'plain' if it is clear or obvious at the time of the appeal." Id. at 1124.  Macias argued below that Officer Nick Bowles, the arresting officer, violated his Fourth Amendment rights by conducting both an illegal stop and an illegal search of Macias's vehicle.

We discern no plain error here. Officer Bowles was initially justified in stopping Macias because he observed Macias's pick-up truck following the

- 6 -

vehicle in front of it too closely, which is a violation of Utah law.[1]  See United

States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995).  After completing a

check on Macias's license and registration, Officer Bowles issued Macias a

warning, returned Macias's documents and told Macias that he was free to leave.

When Macias reached his vehicle, Officer Bowles asked if could talk with

Macias, thus turning the situation into a consensual encounter.  See United States

v. Wallace, 429 F.3d 969, 974-75 (10th Cir. 2005).  After some questioning,

Macias proceeded to grant Officer Bowles consent to search the vehicle.  Macias

contended that Officer Bowles exceeded the scope of that consent when he pulled

up the carpet on the floor of the driver's side of Macias's truck and then used a

crow bar to pry up a steel plate under the driver's seat, revealing a secret

compartment.  However, Macias never revoked consent and this court has "upheld

. . . searches involving the partial dismantling of a vehicle pursuant to general

consent when the defendant did not object."  United States v. Gregoire, 425 F.3d

872, 880 (10th Cir. 2005) (upholding search "that began with the drilling of two

holes in the interior and concluded with a large screwdriver used to pry away a

portion of the undercarriage of the vehicle to reveal the contraband").

---

[1] Following a vehicle more closely than is reasonable in light of the
vehicle's speed and traffic conditions is a violation of Utah Code Ann. § 41-6a-
711(1).

## B. Macias's Sentence

Macias's counsel asserts that there is no non-frivolous ground on which Macias may challenge either the procedural or substantive reasonableness of his sentence. Having engaged in a full examination of the record, as required by Anders, we agree. The district court properly calculated Macias's guideline range sentence and considered Macias's request for a downward departure, together with the § 3553(a) sentencing factors, and the uncontested facts in the presentence report. Thereafter the district court sentenced Macias to 22 months less than the advisory guideline range, "departing lightly [from the guideline range] under 3553." The sentence imposed by the district court, which was below the guideline range, is entitled to a presumption of reasonableness when challenged by defendant. See United States v. Conteras-Mirelas, No. 08-2092, 2008 WL 4793832, at *3 (10th Cir. Nov. 5, 2008). Based on our review of the record, we find no basis on which this presumption can be overcome.

## C. Ineffective Assistance of Counsel

In his pro se filing, Macias argues that his trial counsel provided ineffective assistance by failing to object to the magistrate's report and recommendation on Macias's motion to suppress. Macias's ineffective assistance of counsel claim is more appropriately brought on collateral review in a 28 U.S.C. § 2255 motion. See United States v. Brooks, 438 F.3d 1231, 1242 (10th Cir. 2006). "The purpose

of this rule is to ensure that we are provided with a developed factual record of the events." Id.  Therefore, Macias's claims in this regard are premature.

### III.  CONCLUSION

Based on the foregoing, we GRANT counsel's motion to withdraw and DENY Macias's request for appointment of new counsel.  This appeal is DISMISSED, and the judgment is AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge