FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS** January 14, 2011

Elisabeth A. Shumaker
Clerk of Court

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SAUL GARCIA MACIAS,

Defendant–Appellant.

No. 10-4094
(Case Nos. 2:09-CV-01106-DAK and
2:06-CR-00111-DAK-1)
(D. Utah)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Appellant, a pro se federal prisoner, seeks a certificate of appealability to

appeal the district court's denial of his § 2255 habeas petition, which raised a

claim of pre-trial ineffective assistance of counsel. In 2006, Appellant was

charged with possession of drugs and a false alien registration card. He filed a

motion to suppress, alleging violations of his Fourth Amendment rights in the

search of his truck. After a hearing, a magistrate judge issued a report

recommending denial of Appellant's motion. The district court adopted the

report, and Appellant later pled guilty to all charges. His conviction and sentence

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

were upheld on direct appeal.  *See United States v. Macias*, 306 F. App'x 409 (10th Cir. 2008).

Appellant then filed a habeas petition in the district court, alleging his pre-trial counsel failed to call Appellant to testify at the hearing for his motion to suppress and raise various other issues at the hearing.  The district court denied Appellant's habeas petition, correctly applying the *Strickland* standard to find that "[Appellant's] counsel performed in accordance with professional norms and that his counsel's actions did not in anyway prejudice [Appellant]."  (Doc. 4 at 2); *see also Strickland v. Washington*, 466 U.S. 668, 688 (1984).

To obtain a certificate of appealability, Appellant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to meet this burden, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In his arguments to this court, Appellant bases his ineffective assistance claim principally on the argument that his attorney should have called him to testify at the suppression hearing.  He also argues his attorney should have made several additional arguments, including that the state trooper's search of Appellant's car exceeded the scope of consent and that Utah's drug interdiction

procedures are unconstitutional.

After thoroughly reviewing the record on appeal, Appellant's filings in this court, and the district court's order, we agree with the district court that Appellant has not shown his trial counsel's performance was deficient or prejudicial under the legal standard in *Strickland*. In his memorandum in support of Appellant's motion to suppress, and again at the hearing, Appellant's attorney presented many arguments in favor of suppression, including several which overlap with the additional arguments Appellant now claims on appeal that his attorney failed to make. At the hearing, Appellant's attorney also elicited substantial testimony on cross examination. Moreover, even if Appellant had testified on his own behalf, the countervailing evidence presented at the suppression hearing still offered substantial support for the government's arguments.

For the foregoing reasons, and for substantially the same reasons stated by the district court, we conclude that reasonable jurists would not debate the dismissal of Appellant's claims. We therefore **DENY** Appellant's request for COA and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge