FILED
United States Court of Appeals
Tenth Circuit

**February 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODOLFO TORREZ-CHAVEZ,,

    Defendant - Appellant.

No. 10-2110
(D. N.M.)
(D.C. No. 1:09-CR-03539-MCA-1)

### ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Rodolfo Torrez-Chavez pled guilty to illegal reentry by a previously removed alien. 8 U.S.C. § 1326. In spite of an extensive criminal and deportation record, the district court sentenced him to 45 months imprisonment, 25 months below the bottom of advisory sentencing guideline range (he requested a reduction to 30 months). But that was not good enough for Torrez-Chavez, who contends the sentence is substantively

---

[*]The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

unreasonable because it is harsher than necessary and does not account for mitigating factors. We affirm.[1]

## BACKGROUND

In 2009, Torrez-Chavez was discovered by immigration authorities in the Curry County Detention Center, Clovis, New Mexico. He was being held on charges of driving while intoxicated, driving without a license and careless driving. According to the presentence report (PSR), he had several prior criminal convictions. In 2002, he pled guilty to a charge of aggravated battery after he hit another vehicle three times and pushed it across a parking lot. Witnesses stated the attack on the car, with a female driver inside, was unprovoked. He then attempted to elude police in a high speed chase and, after losing control of the car, fled on foot. He was sentenced to three years imprisonment with all but six months suspended. He was deported to Mexico on June 6, 2002. In 2004, he pled guilty to aggravated driving while intoxicated and fleeing the scene of an accident. He was again deported on July 20, 2004. In 2005, he was convicted of illegal re-entry of a deported alien previously convicted of an aggravated felony. He was sentenced to 30 months imprisonment followed by three years of supervised release and was deported for the third time in 2007. The instant offense was committed while his term of supervised release for the 2005 offense was ongoing.

The PSR determined the base offense level to be eight. See U.S.S.G. § 2L1.2. Sixteen levels were added for the prior felony aggravated battery conviction. U.S.S.G. §

---

[1]Our jurisdiction derives from 28 U.S.C. § 1291.

2L1.2(b)(1)(A). Three levels were deducted for acceptance of responsibility, resulting in

a total offense level of 21. The PSR assigned ten criminal history points for his previous

convictions, resulting in a criminal history category of V. The guideline sentencing range

was 70 to 87 months imprisonment. Torrez-Chavez requested a downward variance to 30

months. The district court sentenced him to 45 months imprisonment.

## DISCUSSION

We review sentences for procedural and substantive reasonableness. *United States*

*v. Friedman*, 554 F.3d 1301, 1307 (10th Cir. 2009). Here, Torrez-Chavez argues only

that his sentence is substantively unreasonable; our review is for abuse of discretion.

*United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009).[2]

---

[2] On appeal, a within-guideline sentence is afforded a rebuttable presumption of reasonableness. *United States v. Beltran*, 571 F.3d 1013, 1018 (10th Cir. 2009). The Supreme Court has upheld that presumption because "when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." *Rita v. United States*, 551 U.S. 338, 351 (2007).

In unpublished decisions panels of this court have extended the presumption. For instance we stated "[t]he same presumption is applicable . . . where the sentence is below the correctly-calculated Guidelines range" when challenged by the defendant. *United States v. Delgadillo-Gallegos*, 377 Fed. Appx.758, 761 (10th Cir. 2010) (unpublished), *cert. denied*, 131 S. Ct. 351 (2010); s*ee also United States v. Macias*, 306 Fed. Appx. 409, 412 (10th Cir. 2008) (unpublished) (same); *United States v. Contreras-Mireles*, 299 Fed. Appx. 759, 761 (10th Cir. 2008) (unpublished) (same). "The defendant may rebut this presumption by showing that his sentence is unreasonable in light of the sentencing factors delineated in 18 U.S.C. § 3553(a)." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008).

Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). But, like other non-binding authority they may be considered for their persuasive value. 10th Cir. R. 32.1(A). The reasoning of our unpublished cases seems to be that if a sentence independently reached and yet coincident with the guidelines is presumed

The district court took into consideration both Torrez-Chavez's claims of fear of a drug cartel and his commitment to his family. Nonetheless, when considering his long history of poor judgment and prior convictions, the court determined a 45-month sentence was "sufficient but not greater than necessary to accomplish the sentencing goal set forth in Title 18, Section 3553, part A(a)." (R. Vol. 3 at 14.) Torrez-Chavez argues "the district court's sentence, while motivated by appropriate reasoning, was harsher than necessary to achieve the required goals of just punishment, deterrence against future crimes, and public safety." (Appellant's Br. at 12.) Despite a very generous downward variance from the guidelines he claims his reasons for returning to the United States received insufficient consideration. We do not agree. His repeated violations alone would justify a guidelines sentence. Among other crimes and punishments, he was previously sentenced to 30 months imprisonment for a 2005 illegal re-entry. It proved to be an insufficient deterrent. Any possible abuse of sentencing discretion did not redound

---

reasonable a lesser sentence is entitled to the same presumption when challenged by a defendant. However, language of the Supreme Court cautions against extending the presumption (even though uttered in a different context):

> If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness.

*Gall v. United States*, 552 U.S. 38, 51 (2007) (citation omitted).

Perhaps for that reason we have no published opinion applying the presumption of reasonableness to a below-guidelines sentence challenged by a defendant. Nevertheless, a below-guidelines sentence is certainly strong evidence that the sentencing judge carefully considered the § 3553(a) factors in the exercise of independent judgment. That appears to be the case here; no presumption is needed.

against Torrez-Chavez.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
