FILED
United States Court of Appeals
Tenth Circuit

June 13, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

RONALD K. THRASHER,

        Defendant - Appellant.

Nos. 10-1556, 10-1557
(D.C. Nos. 1:09-CR-00357-REB-1
and 1:95-CR-00160-REB-1)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

In April of 1995, defendant and appellant Robert K. Thrasher was charged

with conspiracy to possess a firearm during and in relation to a drug trafficking

offense, in violation of 18 U.S.C. §§ 371 and 924(c); possession with intent to

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Mr. Thrasher pled guilty to all three counts.

He was released on bond pending his sentencing hearing. Before that hearing, however, Mr. Thrasher absconded and remained a fugitive for some 13 ½ years. He was finally arrested and indicted, on August 11, 2009, for knowingly failing to appear for sentencing, in violation of 18 U.S.C. § 3146(a)(1). Mr. Thrasher was subsequently sentenced, on November 23, 2010, to a total of 169 months' imprisonment. That represented the sentence imposed for all four counts (the 1995 and the 2009 charges). Arguing that the sentence imposed is unreasonable, Mr. Thrasher appeals. These two cases were consolidated for sentencing, for obvious reasons.

## BACKGROUND

As indicated, Mr. Thrasher pled guilty to the three crimes stated above in 1995. Prior to Mr. Thrasher's sentencing for his combined four charges under the United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated that Mr. Thrasher's total adjusted offense level was 26. With 11 criminal history points, Mr. Thrasher's criminal history category was V, yielding a sentencing range of 110 to 120 months on his 2009 failure to appear charge; a

sentence of 60 months on his conspiracy to possess a firearm during a drug trafficking offense charge, to be served consecutively to any other sentence; a sentencing range of 110 to 137 months on his possession with intent to distribute methamphetamine charge; and 110 to 120 months on his felon-in possession charge.

The probation officer recommended a sentence of 170 months' imprisonment, calculated as follows: 110 months on each of counts one (2009 failure to appear), two, and three (1995 methamphetamine possession and felon-in-possession), all to run concurrently, and a sentence of 60 months on the conspiracy to possess a firearm, to be served consecutively. Neither party submitted objections.

Prior to sentencing, Mr. Thrasher filed a motion for a non-Guideline or variant sentence, in which he asserted that until the age of 35 he had "criminal conduct problems," but that since then, while he was a fugitive, he had "turned his life around." Motion for a Non-Guideline or Variant Sentence at ¶ 12, R. Vol. 1 at 27. He further argued:

> For the last 15 years, Mr. Thrasher has abstained from illegal substances, he has worked, has been in a committed relationship and he has been a productive member of society. For almost the last one third of his life he has lived the majority of his day to day existence the way he should have led it before [his 1995 convictions]

Id. Mr. Thrasher's motion also indicated that he "has been diagnosed with psychosis, depression and anxiety. He has a history of substance abuse. He has

been prescribed medications for his mental health." Id. at ¶ 15, R. Vol. 1 at 29. He indicated he has also been diagnosed with Hepatitis C.

Mr. Thrasher expressed that a "five year sentence with some additional time reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment for the offenses." Id. at ¶ 19, R. Vol. 1 at 30. He further averred that "[s]uch a sentence also deters the public from breaking the law in the first instance and not showing up for sentencing in the second. The sentence also protects the public from further crimes by the defendant." Id.

A sentencing hearing was held on November 23, 2010. At the beginning of the hearing, the court considered Mr. Thrasher's motion for a non-Guideline or variant sentence. His counsel reminded the court of Mr. Thrasher's total turn-around after absconding, and he also pointed out that since Mr. Thrasher's 1995 conviction, the Guidelines had become advisory, rather than mandatory, so the court could easily impose a sentence below the advisory Guideline range.

Defense counsel then argued that Mr. Thrasher had become skilled and that, because of his age (50), he could lose those skills if he sat in prison for a long period of time. Finally, defense counsel addressed the need to avoid sentencing disparities, noting that "people who generally comport themselves to a life of not committing crimes for 15 years generally do not walk into a courtroom faced with [] lengthy potential sentences." Tr. of Sentencing Hr'g at 10, R. Vol. 2 at 44.

-4-

Defense counsel ultimately argued for a "nonguideline sentence, as close to that 60-month cap as the Court would be . . . and I would respectfully request this Court to . . . temper the punitive nature of any sentence and to not exceed much higher than 121 months." Id. at 11, R. Vol. 2 at 45.

In imposing sentence, the district court carefully and fully went through all of the relevant sentencing factors contained in 18 U.S.C. § 3553(a). As the court explained:

> Concerning the history and characteristics of Mr. Thrasher, well, there's two Mr. Thrashers. Let me address the last Mr. Thrasher, who, for the last 15 years, ostensibly and to our knowledge . . . he lived as a law-abiding citizen, productive and sober. For that, he should receive credit, but not extraordinary credit. You're describing a lifestyle that is practiced assiduously day in and day out by millions of Americans. That's the minimum standard, not the extraordinary standard.

Tr. of Sentencing Hr'g at 21–22, R. Vol. 2 (10-1556 record) at 55-56.

The court then recognized that it needed to examine all the § 3553(a) factors, including the seriousness of the crime, but explained the necessity of imposing some punishment for Mr. Thrasher's failure to appear:

> [T]here needs to be, obviously, additional punishment to reflect the seriousness of failing to appear before a United States District Court, contrary to its order. My goodness, think of the scenario if you could bring to the Court, in the first instance, a mitigated sentence under 11(c)(1)(C) [current plea bargain provision], then 11(e)(1)(C) [former plea bargain provision], change your mind, abscond for 15 years, and return and receive a lesser sentence than the original sentence and not be punished at all by your failure to appear. Well, the mold would be made. The precedent would be set. Who in their right mind would appear for sentencing? Escape, stay out as long as

-5-

you can, hide yourself as best you can, come to the court clean and sober saying you led a law-abiding life and then, with a straight face, request a sentence of not only that which you initially bargained for, but with no punitive component concerning your failure to appear. Well, we don't have enough federal law enforcement to keep up with the mass exodus that that would cause.

Tr. of Sentencing Hr'g at 23-24, R. Vol. 2 (10-1556) at 56-57.

The court finally concluded that "a sentence variance is warranted, but not to the degree requested by the defense." Id. at 26, R. Vol. 2 at 60. It determined that sentences that were sufficient but no greater than necessary were as follows:

> Starting in [the 1995] case, a sentence of 61 months on each of Counts 2 and 3 as bargained by the parties to be served concurrently with one another, and a sentence of 60 months on Count 1, again as bargained by the parties, to be served, as required by law, consecutively to all other sentences imposed. Thus, the total sentence in [the 1995 case] is just as Mr. Thrasher bargained for, 121 months.
>
> Then in [the 2009 case], the Court will impose a sentence of 48 months, which is a substantial sentence variance there, and impose that consecutively to the other sentences that I have imposed, for a total sentence of 169 months.
>
> . . . .
>
> The sentences that I have crafted give Mr. Thrasher the benefit of the bargain in [the 1995 case] and punish him for the very different and discrete criminal conduct in [the 2009 case]. Had I imposed that sentence concurrently, that's tantamount to no punishment for a 15-year absconsion and, again, . . . that is simply too ludicrous for the Court to entertain seriously as a matter of logic or as a matter of law.

Id. at 26-27, R. Vol. 2 at 60-61.

Mr. Thrasher appeals his 169-month sentence, arguing it is unreasonable because the imposition of the 48-month sentence consecutively to the 121-month sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a).

**DISCUSSION**

We review a defendant's criminal sentence for reasonableness, deferring to the district court under the "familiar abuse-of-discretion standard of review." Gall v. United States, 552 U.S. 38, 46 (2007). "A district court abuses its discretion 'when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable.'" United States v. Haley, 529 F.3d 1308, 1311 (10thCir. 2008) (quoting United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008)). Reasonableness has both a procedural and a substantive component. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). "We may not examine the weight a district court assigns to various [18 U.S.C.] § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence imposed]." United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008). A sentence which is within the properly calculated advisory Guidelines, or even a below-Guidelines sentence, is presumed reasonable. See United States v. Delgadillo-Gallegos, 377 F. App'x 758, 761 (10th Cir.), cert. denied, 131 S. Ct.

351 (2010); United States v. Macias, 306 F. App'x 409, 412 (10th Cir. 2008);

United States v. Contreras-Mireles, 299 F. App'x 759, 761-62 (10th Cir. 2008)

It appears that Mr. Thrasher makes only a substantive reasonableness challenge to his sentence. When considering the substantive reasonableness of a sentence, we inquire whether it "is reasonable given all of the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (internal quotations and citation omitted). In doing so, we recognize there is typically a range of "rationally available choices" that "the facts and law at issue can fairly support[.]" United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). Finally, "[u]nder 18 U.S.C. § 3584(a), a district court has the discretion to impose consecutive or concurrent sentences." United States v, Rodriguez-Quintanilla, 442 F.3d 1254, 1256 (10th Cir. 2006). That discretion "is guided by the factors delineated by 18 U.S.C. § 3553(a), which include the characteristics of the offense and the defendant, [and] the need for deterrence and the protection of the public." Id. (internal citations omitted); 18 U.S.C. § 3584(b).

Mr. Thrasher argues that the court's discussion at the sentencing hearing indicates that the court's dominant and overriding concern was that a lenient sentence to Mr. Thrasher would send a message that one could "change your mind, abscond for 15 years, and return and receive a lesser sentence than the original and not be punished at all by your failure to appear." Tr. of Sentencing

Proceedings at 24, R. Vol. 2 at 58. Mr. Thrasher thereby implies that the district court ignored all the other § 3553(a) sentencing factors. We see no such preoccupation in the transcript of the sentencing hearing. Rather, the district court went carefully through every § 3553(a) factor, from every relevant angle, and meticulously determined what it thought was a fair and reasonable sentence, in the very unusual circumstances presented by this case.

Mr. Thrasher also claims that the information about his good conduct while he was "on-the-run," (which he had presented to the court), was not adequately addressed. He claims that, following his absconding, his "self-motivated" rehabilitation and return to a lawful and productive life was not given any weight. Again, we disagree. The court mentioned many times that it was wonderful that Mr. Thrasher had turned his life around, but the court also reminded the defendant that, in living a non-criminal life, Mr. Thrasher was only doing what most people do for their entire lives. As, the court stated, that circumstance was afforded some weight, but not "extraordinary weight," which Mr. Thrasher seems to think it should be.

Finally, Mr. Thrasher claims that, because of the amount of time that had passed since 1995, the court "apparently and mistakenly believed that Mr. Thrasher had received leniency under the second criminal history computation that the probation department undertook." Appellant's Br. at 10. In reality, Mr. Thrasher received 12 criminal history points in the 1995 PSR, and 11 criminal

history points in the 2009 PSR. Under both, he had a criminal history category of V. Thus, even if the court misspoke to some degree, it made no difference, because Mr. Thrasher's criminal history category remained the same.

In sum, given the wide discretion the district court has to fashion a reasonable sentence, including deciding whether to have multiple sentences run concurrently or consecutively, we see no abuse of that discretion in this case. Indeed, this case provides one of the most thorough and meticulous applications of the § 3553(a) sentencing factors to a very unusual case. The district court did not err in imposing the sentence it did.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in these appeals.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-10-